**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LARRY E. MANCILL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-1947 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Larry E. Mancill, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Estelle Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Mancill is currently serving sentences for convictions imposed by state courts in Travis County and Harris County, Texas. The respondent filed a motion for summary judgment, (Docket Entry No. 7). Mancill filed a cross-motion for summary judgment. (Docket Entry No. 10). Based on careful consideration of the pleadings; the motion and response; the record; and the applicable law, this court grants the respondent's motion and denies Mancill's cross-motion. Final judgment is entered by separate order. The reasons are set out below.

**I.     Background**

In support of his motion for summary judgment, the respondent provides the following documents: (A) TDCJ-CID computer records concerning Mancill's criminal convictions; (B) prison disciplinary records for Case Number 20060032519; and (C) grievance records

regarding the disciplinary hearing. The respondent also provides an audio tape recording of the hearing in disciplinary case 20060032519. (Docket Entry No. 8).

On October 5, 2005, prison officials at the Estelle Unit conducted a disciplinary hearing in disciplinary case 20060032519. The hearing officer found Mancill guilty of attempted extortion of money, a Level 1, Code 5.1 violation.[1] (Docket Entry No. 8, Disciplinary Hearing Records, p. 1). Mancill's punishment consisted of a loss of commissary privileges for 45 days; cell restriction for 45 days; a reduction in line class, from Line 2 to Line 3; and a loss of 240 days good time credit.

Mancill filed a Step One Grievance on October 11, 2005, which was denied on October 24, 2005. (Docket Entry No. 8, Disciplinary Grievance Record, pp. 1-2). Mancill filed a Step Two Grievance on April 6, 2006, which was denied on April 24, 2006. (*Id*. at 3-4).

On June 7, 2006, this court received Mancill's federal petition. Mancill contends that his conviction in disciplinary case 20060032519 is void for the following reasons:

(1)   counsel substitute rendered ineffective assistance;

(2)   Mancill was not allowed to consult with his counsel substitute to prepare a defense;

(3)   the evidence was insufficient to support a finding of guilt;

---

[1] The offense report charged Mancill with trying to extort money from Eva Valencia Bishop, the wife of a fellow inmate. Mancill allegedly wrote to Mrs. Bishop and asked her to deposit $50 on Mancill's inmate account for her "peace of mind." (Docket Entry No. 8, Disciplinary Hearing Record, p. 5).

2

    (4)    prison officials violated TDCJ rules by altering the offense date; and

    (5)    Mancill was denied his right to present witnesses during the hearing.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8.5).

The threshold issue is whether Mancill has stated meritorious grounds for federal habeas relief.

**II.    Analysis**

In *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the consequences. A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. When the punishment has no effect on parole, such as a short period of administrative segregation, an inmate is entitled to notice and an opportunity to present a statement in an informal nonadversary evidentiary review. *Hewitt v. Helms*, 459 U.S. 460 (1983); *Walker v. Navarro County Jail,* 4 F.3d 410, 412 (5th Cir. 1993). In *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court held that a prisoner's loss of good-time credits as a result of a disciplinary conviction, which increases the sentence that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards to satisfy due process. The

court also held that the Due Process Clause does not protect against changes in the conditions of confinement, even if there is a substantial adverse effect on a prisoner that do not add to the amount of prison time. *Id.* at 478. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

In *Sandin,* a prisoner was placed in disciplinary segregation for thirty days, but received no discipline that inevitably affected the duration of his sentence. The Court held that such sanctions did not require the procedural protections set out in *Wolff* and *Hewitt*. Mancill cannot assert a due process claim based on the punishments of cell restriction and loss of commissary privileges. These punishments are not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484, 486 n.9. These punishments changed the conditions of Mancill's confinement, but do not give rise to a due process claim. *Madison,* 104 F.3d at 767-68.

Mancill may argue that as a result of the guilty finding in the disciplinary case, the Texas Board of Pardons and Paroles ("Board") will delay considering his eligibility for release on parole. Mancill has no constitutional right to parole. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995). The Fifth Circuit has expressly held that there is no constitutional expectancy of parole in Texas, *Creel v. Keene,* 928 F.2d 707 (5th Cir. 1991), and no right to be released on parole. *Madison,* 104 F.3d at 768 (citing TEX. CODE CRIM. P. ANN. art. 42.18 § 8(a)).[2] Because a prisoner has "no liberty interest in obtaining parole in Texas, he

---

[2] The Fifth Circuit has repeatedly rejected efforts by Texas prisoners to assert a constitutionally-protected interest arising out of state parole statutes. *See Madison v. Parker,* 104 F.3d at 768; *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied,* 116 S. Ct. 736 (1996); *Gilbertson v. Texas Board of Pardons and Paroles,* 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene,* 928 F.2d 707, 709-12 (5th Cir. 1991), *cert. denied,*

cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995) (citing *Orellana,* 65 F.3d at 32). Mancill's argument that he is entitled to be considered for release on parole at a particular time lacks merit.

Mancill did receive a reduction in his good-time earning class status. He alleges a resultant delay in his release. (Docket Entry No. 10, Petitioner's Motion for Summary Judgment, p. 3). Prisoners may become eligible for release under Texas law on parole or under a mandatory supervised release program. *See Madison,* 104 F.3d at 768. "Parole" is the "discretionary and conditional release of an eligible prisoner . . . [who] may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." *Id.* "Mandatory supervision" is the "release of an eligible prisoner . . . so that the prisoner may serve the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles division." *Id.* Mancill argues that if he had remained at the good-time earning status of Line 2, rather than Line 3, he would have had an opportunity to earn good-time credits that might have led to an earlier release on parole. (Docket Entry No. 10, Petitioner's Motion for Summary Judgment, p. 4). Mancill cannot claim that the change in his good-time earning status means that he has lost good-time credits. This argument mistakenly equates the ability to earn good-time credits with the actual loss of such credits. Mancill's diminished ability to earn good-time credits, without more, does not rise

---

501 U.S. 1210 (1991).

to a deprivation of a constitutionally cognizable liberty interest. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996) ("the mere opportunity to earn good-time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protection of the due process clause"). The possibility that an inmate's good-time earning status will affect the timing of his release is too speculative to make a particular time-earning status constitutionally protected. *Id*. Such speculative, collateral consequences of the prison disciplinary decision do not create a constitutionally protected liberty interest. *Id.*

Mancill complains of the delay in his release to mandatory supervision because he lost 240 days of good-time credit. (Docket Entry No. 10, Petitioner's Motion for Summary Judgment, p. 2). The respondent's summary judgment evidence shows that Mancill is eligible for release to mandatory supervision on his 2002 conviction for violation of a protective order in Cause Number 9020557. (*Id.*). But Mancill is ineligible for release to mandatory supervision on his five-year sentence for robbery in Cause Number 1050825, which was imposed in 2006. (Docket Entry No. 7-2, Respondent's Motion for Summary Judgment, p. 4). Mancill is ineligible for mandatory supervision according to the mandatory supervision statute in effect when he committed the underlying offense of robbery. A prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for a second-degree felony under Section 29.02, Penal Code (Robbery). TEX. GOV'T CODE ANN. § 508.149(a)(11) (West 2006). Mancill has no protected liberty interest in the loss of his accrued good-time credit because he is ineligible for release to mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Mancill is not entitled to federal habeas corpus relief.

## III.   Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 7), is granted. Mancill's motion for summary judgment, (Docket Entry No. 10), is denied. Mancill's petition for a writ of habeas corpus is denied. This case is dismissed. Mancill's motion for production of records, (Docket Entry No. 18), is denied as moot. Any remaining pending motions are denied as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This court denies Mancill's petition after careful consideration of the merits of his constitutional claims. This court denies a COA because Mancill has not made the necessary showing for issuance.

SIGNED on July 19, 2007, at Houston, Texas.

_____

Lee H. Rosenthal

United States District Judge